IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY METOYER,

    Plaintiff,               No. CIV S-05-2476 GEB JFM P

    vs.

R. POST, DDS, et al.,

    Defendants.

_____/       <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $43.96 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff filed his original complaint on December 7, 2005. Included with the original complaint is a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

On March 27, 2006, plaintiff filed an amended complaint as of right. See Fed. R. Civ. P. 15. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

1    A complaint, or portion thereof, should only be dismissed for failure to state a
2 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
3 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
4 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
5 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
6 complaint under this standard, the court must accept as true the allegations of the complaint in
7 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
8 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
9 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
10    Plaintiff claims that his rights under the Eighth Amendment and state law have
11 been violated by inadequate dental care.  Plaintiff names seven defendants in the caption of the
12 amended complaint and an additional defendant in the body of the complaint.  Cf. Fed. R. Civ. P.
13 10(a) (requiring caption of pleading to include all named parties.)  There are no charging
14 allegations against Alvaro C. Traquina in the amended complaint.  For that reason, the court will
15 not order service of process on said defendant.  In addition, in the body of the complaint plaintiff
16 alleges that defendant S. Cervantes denied his request for an emergency administrative appeal
17 and instead required plaintiff to seek an informal response to his grievance from defendant Dr.
18 McIntyre.  The allegations against defendant Cervantes are insufficient to state a cognizable
19 claim for violation of plaintiff's federal constitutional rights and the court will not order service
20 of process on said defendant.
21    The amended complaint states a cognizable claim for relief against the remaining
22 named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of
23 the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits
24 of this action.
25 /////
26 /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 7, 2005 motion for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $43.96. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants: Dr. R. Post; Dr. McIntyre; Dr. S. Kurk; Dr. J. Jennings; Dr. P. Sheeran; and Tom L. Carey, Warden.

4. The Clerk of the Court shall send plaintiff six USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed March 27, 2006.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Seven copies of the endorsed amended complaint filed March 27, 2006.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

/////
/////
/////
/////

7. Plaintiff's December 7, 2005 motion for appointment of counsel is denied.

DATED: May 31, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12;meto2476.1am

```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10   GARY METOYER,
11           Plaintiff,                   No. CIV S-05-2476 GEB JFM P
12       vs.
13   R. POST, DDS, et al.,                NOTICE OF SUBMISSION
14           Defendants.                  OF DOCUMENTS
15   _____/
16           Plaintiff hereby submits the following documents in compliance with the court's
17   order filed _____:
18              ____      completed summons form
19              ____      completed USM-285 forms
20              ____      copies of the _____
21                        Amended Complaint
22   DATED:
23
24
25
26                                           _____
                                             Plaintiff
```